# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD MCDONALD,** : | |
| : | |
| Petitioner : | CIVIL NO. 1:14-CV-01619 |
| : | |
| v. : | (Judge Rambo) |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Respondent : | |

# **M E M O R A N D U M**

On November 11, 2013, Petitioner, Edward McDonald, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed this *pro se* petition for habeas corpus in the United States District Court for the Eastern District of Texas. (Doc. 1.) In the petition, McDonald challenges his 2008 conviction and sentence imposed by the U.S. District Court for the Eastern District of Texas ("trial court"). (*Id.*) For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

## **I.   Background**

On March 7, 2007, McDonald, at that time an inmate confined at the Federal Correctional Complex in Beaumont, Texas, was indicted for one count of assaulting an inmate with a dangerous weapon (under 18 U.S.C. § 113(a)(3)) and two counts of

possessing a dangerous weapon in a federal prison (under 18 U.S.C. § 1791(a)(2)). *United States v. McDonald*, 1:07-cr-00033, Doc. 1 (E.D. Tex. 2008). On August 21, 2007, McDonald entered a guilty plea to one count of possessing a dangerous weapon and the other two counts were dismissed. *Id.* at Doc. 51. On February 8, 2008, McDonald was sentenced to 27 months imprisonment to run consecutive to a previous sentence. *Id.* at Doc. 57. On March 12, 2008, McDonald appealed his conviction and sentence, and on July 8, 2009, the U.S. Court of Appeals for the Fifth Circuit dismissed his appeal as frivolous. *Id.* at Doc. 60, 73.

On November 11, 2013, McDonald sought to again challenge his conviction and sentence by filing the current petition in the trial court. (Doc. 1.) McDonald initially styled this as a "First Amendment Petition," asserting that the trial court had jurisdiction over his petition "in the spirit of the First Amendment," rather than through the provisions of 28 U.S.C. §§ 2241 or 2255. (*Id.* at 1.) McDonald objected to the trial court's initial characterization of his petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and insisted that his petition was a "First Amendment Petition." (Doc. 5 at 1.)

On May 1, 2014, the trial court informed McDonald that it lacked jurisdiction to review the validity of his conviction unless it construed his petition as a motion to

vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and ordered him to notify the court whether he wanted his petition characterized as such. (Doc. 7.) McDonald responded that he wished to maintain his initial characterization of the petition. (Doc. 8.) On June 3, 2014, construing the petition as a civil rights action arising under the First Amendment, a magistrate judge recommended that the action be dismissed, since the relief sought was not available under that form of action. (Doc. 10.) On July 21, 2014, McDonald objected to the recommendation, explaining that he initially sought to avoid the "stringent" procedural requirements of § 2255 by styling his petition as resting solely on the First Amendment, but that he now wished to invoke the "savings clause" of § 2255 and have his petition construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 13.) On July 29, 2014, the trial court determined that it lacked jurisdiction to hear the case under § 2241 because McDonald was not confined within its jurisdiction, and transferred the case to this court. (Doc. 15.)

    In his petition, McDonald raises two grounds for relief. First, McDonald claims that the sentencing court unconstitutionally determined his status as a "career offender" without it having been listed as an element in the indictment and proved beyond a reasonable doubt. (Doc. 1 at 1-2.) Second, McDonald claims that his

conduct did not fall within the jurisdictional element of the crime he was charged with, rendering his conviction unconstitutional. (Doc. 1 at 2-3.) In almost all circumstances, such challenges to a federal conviction or sentence can only be brought in a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. As part of its preliminary review of the petition, this court must determine whether the petition could fit within the narrow exception to this rule in order to exercise jurisdiction under 28 U.S.C. § 2241.

## II.     Discussion

### A.     Standard of Review

District courts are required to "promptly examine" each petition for writ of habeas corpus before serving a copy of the petition on the respondent. Rule 4 of the Rules Governing Section 2254 Cases (applicable to § 2241 petitions through Rule 1(b)). When examining the petition, it is the duty of the court to dismiss the petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id; see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Such summary

dismissal is appropriate "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970).

### B. The Savings Clause of 28 U.S.C. § 2255

In general, the sole method available for federal prisoners to collaterally challenge the legality of their convictions or sentences is a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. 28 U.S.C. § 2255(e); *see also, e.g.*, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States* 417 U.S. 333, 342 (1974). If a prisoner instead attempts to challenge the legality of his or her conviction or sentence through a petition for writ of habeas corpus, that petition must normally be dismissed. 28 U.S.C. § 2255(e). McDonald admits that he is challenging the legality of his conviction and sentence through a petition for a writ of habeas corpus,[1] but seeks to invoke the "savings clause" of § 2255(e). (Doc. 13 at 1.) This clause allows federal prisoners to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in situations where the remedy provided by

---

[1] McDonald states that he chose not to file a motion under § 2255 due to its "stringent requirements." (Doc. 13 at 1.) Though McDonald does not identify which requirement(s) prevented him from filing under § 2255, it appears that an attempt by McDonald to file such a motion would be untimely. *See* 28 U.S.C. § 2255(f).

§ 2255 "is inadequate or ineffective to test the legality" of the prisoner's conviction and/or sentence. 28 U.S.C. § 2255(e).

The U.S. Court of Appeals for the Third Circuit has held that this clause applies only in "rare situation[s]," where "the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Okereke*, 307 F.3d at 120 (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d. Cir. 2002)). It has also emphasized that § 2255 should not be considered "inadequate or ineffective" "merely because that petitioner is unable to meet [its] stringent gatekeeping requirements." *Id*. Essentially, the "savings clause" of § 2255 is only applicable in the rare situation where a prisoner is unable to proceed under § 2255 and yet has had no earlier opportunity to challenge his conviction or else is "being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision." *In re Dorsainvil*, 119 F.3d 245, 251-252 (3d Cir. 1996).

This court will now examine the grounds set forth in McDonald's petition to determine if either one satisfies the requirements of § 2255(e).

**C.** **Ground One: *Alleyne* Claim**

McDonald claims that he is "actually, legally and factually innocent of the career offender status," which was applied by the trial court to determine McDonald's sentence. (Doc. 1 at 1.) McDonald bases this claim on *Alleyne v. United States*, where the Supreme Court held that any fact that increases the mandatory minimum range of a sentence must be proved to a jury beyond a reasonable doubt. — U.S. —, —, 133 S. Ct. 2151, 2163 (2013). McDonald's argument appears to be that, since the determination of his career offender status raised the mandatory minimum range of his sentence, it was a fact that needed to be proved before a jury beyond a reasonable doubt.

The Third Circuit has repeatedly held that § 2255 is not an "inadequate or ineffective" vehicle for raising claims arising under *Alleyne*. *See, e.g.*, *Sacksith v. Warden Canaan USP*, 552 F. App'x 108 (3d Cir. 2014). While § 2255's savings clause may be available where a Supreme Court decision renders conduct for which a prisoner was convicted no longer criminal, *Alleyne*, like *Aprendi* before it, pertains only to the proper method for sentencing, and does not in any way render McDonald's actions non-criminal. *See id.* at 109 (citing *Okereke v. United States*, 307 F.3d 117,

121 (3d Cir. 2002)). Thus, McDonald's *Alleyne* claim is not a ground upon which this court can review his petition for writ of habeas corpus.[2]

### D. Ground Two: Lack of Federal Jurisdiction

McDonald next claims that the trial court lacked "subject matter or any jurisdiction" over him and that the United States had "no jurisdiction whatsoever" over the conduct for which he was prosecuted. (Doc. 1 at 1-2.) As an initial matter, it is well-settled that federal district courts have subject matter jurisdiction over all alleged violations of federal law, and obtain "personal jurisdiction over an indicted defendant once the defendant is brought before the court." *United States v. Hurley*, 543 F. App'x 249, 252 (3d Cir. 2013). Construing his petition liberally, the core of McDonald's argument appears to be that his conduct did not take place within one of the "places. . . reserved or acquired" by the federal government, as required for convictions under 18 U.S.C. § 13(a) (making it a federal offense to commit an act on federal land that would be punishable under the laws of the State in which the land is located). McDonald asserts that the federal prison in which he was incarcerated did not qualify as land "reserved or acquired" by the federal government because the

---

[2] Even if this court had jurisdiction, McDonald's *Alleyne* claim would fail for multiple reasons. Chief among these is that *Alleyne* did not alter the rule that prior convictions are not considered elements of a crime, and thus do not need to be proven to a jury. *See Sacksith*, 552 F. App'x at 109, n.1.

United States did not give any "notice of acceptance of jurisdiction" to the State legislature prior to the time of the offense. (Doc. 1 at 3, citing *Adams v. United States*, 319 U.S. 312 (1943)).[3]

McDonald makes no argument as to why § 2255 is an "inadequate or ineffective" method for bringing this claim. If McDonald's assertions regarding the lack of federal jurisdiction were true, then the basis of his claim was well-established at the time of his conviction, meaning it could have been raised within the required time period for motions under § 2255. The fact that McDonald is now procedurally barred from bringing the claim under § 2255 does not render § 2255 "inadequate or ineffective." *See In re Dorsainvil*, 119 F.3d at 251. Thus, McDonald's second claim also fails to establish a ground for this court to exercise jurisdiction under 28 U.S.C. § 2241.

---

[3] While McDonald was charged with an offense under 18 U.S.C. § 13(a), that charge was dropped and he was ultimately convicted under 18 U.S.C. § 1791(a)(2), which does not require that the conduct take place on land "reserved or acquired by the United States," but only that the conduct occurred in a federal prison. 18 U.S.C. § 1791(d)(4). As the Third Circuit has remarked, "there is no question that the [federal] government can regulate criminal behavior in a federal prison." *Hurley*, 543 Fed. App'x at 252.

**III.    Conclusion**

As neither of McDonald's claims fit into the narrow exception of § 2255's savings clause, this court lacks jurisdiction to review his petition for writ of habeas corpus.  Because McDonald has conceded that he cannot meet § 2255's procedural requirements (Doc. 13 at 1), this court will refrain from transferring the case back to the sentencing court to be heard as a motion to vacate, set aside or correct sentence under § 2255, and will instead dismiss the petition for lack of jurisdiction.

An appropriate order will issue.

      s/Sylvia H. Rambo
      United States District Judge

Dated:  September 29, 2014.